## CIRCUIT COURT OF NORTHAMPTON COUNTY

J. D. Steelman, II,
and Jean P. Steelman

v.

Calvin B. Fitzgerald
and Terry L. Fitzgerald

December 21, 2005

Case No. (Chancery) CH05-58

By Judge Glen A. Tyler

In this suit in chancery, the Court will decide, on a demurrer, whether the facts alleged in the bill of complaint and its attached exhibits make out a case for cancellation or rescission of a deed of conveyance of residential real estate from the Steelmans to the Fitzgeralds.

Before reviewing the alleged facts, it is noted in the Steelmans' bill of complaint that the prayer is to "rescind the Contract and the Agreement and restore the parties to the status quo ante. . . ." The Contract referred to is the Residential Contract of Purchase between the parties dated May 3, 2002, and the Agreement referred to is an Agreement between the parties dated the same date the parties signed the deed of conveyance, September 6, 2002. However, it is believed that this prayer may be an inadvertent omission in that the Steelmans probably mean to pray for cancellation and rescission of the deed by which the property was conveyed. It is also noted that there is no language in the deed of conveyance, which is made a part of the bill of complaint, that speaks to the subject of this suit, which is the alleged agreement by the Fitzgeralds to commence after conveyance with "renovation of the dwelling" and "establish said dwelling as their place of primary residence. . . ." Obviously, then, the Steelmans are not seised of any right of entry for

condition broken. The deed conveys to the Fitzgeralds an estate in fee simple absolute. The most that the Agreement could do would be to create a covenant, a promise to do a specified thing.

Notwithstanding that the usual remedy for breach of a covenant is a suit in chancery for injunctive relief or an action at law for damages, the plaintiffs here sue in chancery for cancellation and rescission on the grounds of a failure of consideration, arguing that the covenant is the heart and soul of the consideration for conveyance.

For purposes of the demurrer, a sufficient statement of the facts is that the Steelmans owned residential property (though not occupied by the Steelmans as a residence) that had been owned by the family for several generations, upon which the Steelmans' family home was constructed in 1890, and which to the Steelmans had great sentimental importance and historic value. The Steelmans conveyed the parcel with the home to the Fitzgeralds by the deed referred to in September of 2002 (this suit was filed in October 2005) and retained two adjacent parcels of property. The Steelmans intended that the retained adjacent parcels would increase in value as a result of the Fitzgeralds' renovation of the home, which was in need of renovation. The Steelmans were satisfied by the Fitzgeralds' representations about previous renovation experience that the Fitzgeralds could and would renovate the Steelman family home to its original splendor consistent with standards of historic construction and then occupy the home as a primary residence. Consequently, the Fitzgeralds purchased the parcel with the Steelman family home for $330,000.00 and agreed to:

> begin renovation of the dwelling located on the property within twenty-four (24) months from the date hereof and shall establish said dwelling as their place of primary residence within thirty-six (36) months after the date hereof.

There were also several other protective covenants, one of which was not complied with but is otherwise not necessarily dispositive in this suit. After thirty-six months, the Fitzgeralds had neither renovated the home nor occupied the home as a residence and had left a portion of the home partially demolished and unsightly. The Steelmans stands "willing" to restore the Fitzgeralds to the status quo ante. At argument on the demurrer, counsel for the Steelmans said that meant willing to pay the purchase price back and take the property back.

The Fitzgeralds neither raised an issue whether such a covenant was unenforceable in chancery by rescission as being against public policy, nor an issue whether the covenant itself, regardless of the purchase price, was a gratuitous promise, without quid pro quo, and thus unenforceable in chancery by rescission.

In this case, the issue on the demurrer, as framed by the demurrer and by the parties' briefs and arguments, is whether the alleged facts make out a case of failure of consideration; that is, that there is now no consideration that has flowed to the Steelmans or that it has substantially ceased to exist, and thus the object and purpose of the conveyance is defeated.

There are no allegations of fraud, misrepresentation, concealment, mistake, or any other ground for cancellation and rescission other than failure of consideration. Failure of consideration is not generally considered a sufficient ground for rescission of a deed in the absence of circumstances justifying relief, such as fraud or the other grounds referred to, because it is an extraordinary remedy not favored by the law, unless the failure defeats the object and purpose of the conveyance. 13 Am. Jur. 2d, *Cancellation of Instruments*, § 20. The failure must defeat the very object of the conveyance; nonperformance must be total or substantial. 16 M.J., *Rescission*, etc., § 15.

In *Planters National Bank v. Heflin Co.*, 166 Va. 166, 184 S.E. 216 (1936), a leading case on the issue, the only reason the complainant bought a parcel of property was for access to a railroad siding to be built after purchase and conveyance. Without transportation facilities to the complainant's plant to be placed on the parcel purchased by the complainant, the property would be worthless. The executory consideration failed substantially when the siding was not provided. The *Planters* case is not factually similar to the case at bar. Here, the facts alleged are that the Steelmans were the sellers and received $330,000.00 for the property he sold, then required several protective covenants, including the one which was to satisfy their aesthetic sensibilities, and to enhance the value of their adjacent lands.

There is no allegation in the bill of complaint that the $330,000.00 the Steelmans received was less than fair market value for the property conveyed. The covenant to renovate and occupy the residence, if anything, is just a covenant, enforceable or not in equity or compensable or not in damages in an action at law.

On a demurrer, the Court must take the allegations of facts as true. But the Court considers all the allegations together. While the Steelmans allege the purposes and circumstances surrounding the agreement and conveyance, the Court takes those allegations into consideration, not alone, but in light of the other facts that appear from the documents attached.

396

The Steelmans argue that such statements in the bill of complaint, as "the ... breach ... is of such substantial and material character as to defeat the object of the parties" and "there has been a failure of consideration" and "the failure of consideration is substantial . . . and goes to the purpose and substance," are allegations of facts and must be taken as established upon demurrer. They are not allegations of facts; they are conclusions and beliefs or arguments and contentions.

The facts pleaded, the facts impliedly alleged, and the facts justly inferred in the light most favorable to the Steelmans do not make out a case for cancellation and rescission of the conveyance to the Fitzgeralds.

The demurrer is sustained.